IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELIJAH BRANCH,

      Petitioner,

v.                                 Case No. 17-cv-0551-DRH

JACQUELINE LASHBROOK,

      Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 requesting that the Court grant him an evidentiary hearing on the issues raised by the Petition, and ultimately order a new trial or release. (Doc. 1, p. 57).

Petitioner was sentenced to 33 years' imprisonment on March 31, 2011 for first degree murder after a jury trial. (Doc. 1, pp. 1-2). He appealed on the grounds that 1) the state engaged in prosecutorial misconduct by referring to a witness as a liar, disparaging the evidence as "fiction" or "good television," and by relying on speculative evidence; 2) the state denied Petitioner a fair trial when it introduced evidence that Petitioner possessed a gun more than 3 weeks prior to the murder; 3) the state denied Petitioner a fair trial where it introduced evidence that Petitioner was identified through a photo line-up, improperly implying that Petitioner had a criminal record; 4) the state denied Petitioner a fair trial when it

sent evidence to the jury that had not been admitted at trial; 5) the cumulative effect of all of the above violations denied Petitioner a fair trial and due process of law. (Doc. 1, p. 2). The appellate court affirmed the conviction on March 19, 2013. *Id.* The Illinois Supreme Court denied his petition for leave to appeal on January 29, 2014. (Doc. 1, p. 3). Petitioner filed a motion seeking post-conviction relief in the state court on September 4, 2013. *Id.* That motion raised 2 issues: 1) trial counsel was ineffective for making an unfulfilled promise to the jury that a particular witness would testify; and 2) appellate counsel was ineffective for failing to raise the effectiveness of trial counsel on appeal. (Doc. 1, p. 4). That petition was denied on September 10, 2013. *Id.* Petitioner filed a notice of appeal to the Illinois Appellate Court Fifth Judicial District on September 24, 2013. *Id.* His conviction was affirmed on September 26, 2016. *Id.* Petitioner requested leave to appeal from the Illinois Supreme Court; his request was denied on January 25, 2017. (Doc. 1, p. 5).

## **The Petition**

The Petition raises 6 grounds for relief. Petitioner alleges he was denied effective assistance of counsel at trial in violation of the Sixth Amendment because his trial counsel promised to call Roy Dugan, whom Petitioner alleges actually murdered the victim, during opening statement but then failed to call him as a witness during trial, despite the fact that Dugan was available to testify. (Doc. 1, pp. 9-17). Ground Two alleges that that Petitioner was deprived of a fair trial in violation of the Sixth and Fourteenth Amendments when the state introduced

evidence that tended to show the alleged bad character of Petitioner by eliciting testimony that he was seen with a gun 3 weeks prior to the murder. (Doc. 1, pp. 18-30). Next, Petitioner argues that the state engaged in prosecutorial misconduct during rebuttal by referring to a defense witness as a liar, disparaging the defense as "fiction" or "good television," and by relying on speculation to establish that Petitioner got rid of the murder weapon prior to his arrest, thereby denying Petitioner of his due process rights under the Sixth and Fourteenth Amendments. (Doc. 1, pp. 31-38). Petitioner's fourth ground alleges that he was denied a fair trial in violation of the Sixth and Fourteenth Amendments where the state introduced evidence that Petitioner's photo was already in the East St. Louis Police Department's database, suggesting that Petitioner had a criminal record, which was otherwise not admissible at trial. (Doc. 1, pp. 39-43). Ground Five alleges that the trial court erred by sending back evidence to the jury during their deliberations that had not been admitted at trial. (Doc. 1, pp. 44-49). Finally, Petitioner alleges that the cumulative effect of these errors taken together denied him of a fair trial in violation of the Fourteenth Amendment. (Doc. 1, pp. 50-56).

## Discussion

Rule 4 of the Rules Governing § 2254 cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Here Petitioner has alleged that his constitutional rights were repeatedly violated during his state court trial, thus suggesting he is in custody in violation of the Constitution and properly invoking § 2254. The Petition also appears to be both exhausted and timely. For these reasons, the Court orders a Response so that it may consider the issues raised by the Petition, and any other issues Respondent would like to raise, on a more developed record.

**IT IS HEREBY ORDERED** that Respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion, or timeliness argument it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the

pendency of this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

Signed this 28th day of June, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.06.28 11:20:37 -05'00'

**UNITED STATES DISTRICT JUDGE**