## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELIJAH BRANCH, )
No. B-87864, )
 )
Petitioner, )
 )
    vs. )      Case No. 17-cv-0551-DRH
 )
KAREN JAIMET, )
 )
Respondent. )

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is before the Court for case management. The Respondent's Answer to the habeas Petition (Doc. 13) indicated that Petitioner was transferred to Pinckneyville Correctional Center in 2017. However, Petitioner never submitted a notice to inform the Court of his new address, and his address of record is still Menard Correctional Center. Petitioner had been previously advised of his duty to keep the Court informed of any change of address, at the time this action was filed. (Doc. 3).

On October 9, 2018, the Court entered a Notice of Impending Dismissal, which ordered Petitioner to provide the Court with his current address no later than October 30, 2018, in order to avoid dismissal of this action. (Doc. 25). As a courtesy, a copy of this Notice was sent to Petitioner at Pinckneyville Correctional Center.

More than two weeks have now passed since the expiration of the October 30, 2018, deadline. Petitioner has not submitted a notice of change of address, or any other response to the Notice of Impending Dismissal. Accordingly, this case is subject to dismissal for failure to prosecute.

**IT IS THEREFORE ORDERED** that this habeas corpus action is **DISMISSED with prejudice** for failure to prosecute. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly. All pending motions are **DENIED AS MOOT.**

The Clerk is further **DIRECTED** to send copies of this order and the judgment to Petitioner at his address on record <u>and</u> the Pinckneyville Correctional Center.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six

months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28

U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008);

*Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133

F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to

Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R.

APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28)

days after the entry of the judgment, and this 28-day deadline cannot be extended.

Other motions, including a Rule 60 motion for relief from a final judgment, do not

toll the deadline for an appeal.

### Certificate of Appealability

Should Petitioner desire to appeal this Court's ruling dismissing his

Petition under 28 U.S.C. § 2254, he must first secure a certificate of appealability,

either from this Court or from the court of appeals. *See* FED. R. APP. P. 22(b); 28

U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability

may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right."

This requirement has been interpreted by the Supreme Court to mean that

an applicant must show that "reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*,

529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed,

*Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but Petitioner must show

"something more than the absence of frivolity" or the existence of mere "good

3

faith" on his part. *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

Because Petitioner has failed to prosecute this matter, the Court has not reached the merits of the habeas Petition. Petitioner was given ample notice of the impending dismissal of his case but did not respond. The Court finds no basis for a determination that its decision to dismiss the case for want of prosecution is debatable or incorrect. Thus, Petitioner has not made "a substantial showing of the denial of a constitutional right" in connection with the dismissal of this case.

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

**IT IS SO ORDERED.**

Judge Herndon
2018.11.14
16:18:31 -06'00'

**United States District Judge**

4